UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LYNN HINES,<br><br>　　　　　　　　　　Petitioner,<br><br>　　　v.<br><br>THE STATE OF CALIFORNIA, et. al.,<br><br>　　　　　　　　　　Respondents. | Civil No.　07cv0873-IEG (JMA)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE WITHOUT PREJUDICE** |

On May 14, 2007, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, but failed to pay the $5.00 filing fee and failed to move to proceed in forma pauperis. On May 22, 2007, the Court dismissed this action without prejudice due to Petitioner's failure to satisfy the filing fee requirement. Petitioner was instructed to either pay the filing fee or submit a request to proceed in forma pauperis on or before July 23, 2007.

On July 9, 2007, and again on July 12, 2007, Petitioner filed copies of his inmate trust account statement, and on July 27, 2007, filed a document titled: "Response to the Order Dismissing Case with Proof of Inability to Pay $5.00." (See Doc. Nos. 7-8, 14.) The Court will construe these filings as a request to proceed in forma pauperis. A review of the filings reveal that Petitioner has insufficient funds on account at the correctional institution in which he is presently confined, and cannot afford the $5.00 filing fee. Thus, the Court **GRANTS**

Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action as a poor person without being required to prepay fees or costs and without being required to post security.

Petitioner has also filed a Motion for relief under "rules 12.7, 20, 40 and 41b," and a Supplemental Civil Rights Complaint, in which Petitioner attempts to present claims relating to the conditions of his incarceration. (Doc. Nos. 10, 12.) The Petition itself contains claims challenging both Petitioner's state criminal conviction as well as the conditions of his confinement. (See Pet. at 5-8.) Although Petitioner names a great variety of persons and entities as Respondents to this action, Petitioner has not named a proper Respondent for a habeas action.

On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). "Typically, that person is the warden of the facility in which the petitioner is incarcerated." Id. However, "the rules following section 2254 do not specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note). The actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v. Washington, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d at 895.

Here, Petitioner has incorrectly named several Respondents, including "The State of California", "Atascadero State Hospital," "Conrep Agencies," "Southpoint," "Nelson-Haven Board and Care Home," "San Diego County Courts," "Judge Jesus Rodriguez Raymond Edwards," "Jeff Bianco," and "Jane Shell, Conrep Director." (Pet. at 1.) Petitioner is currently

1  confined at the Arizona State Prison Complex in Florence, Arizona. In order for this Court to
2  entertain a Petition filed pursuant to 28 U.S.C. § 2254, Petitioner must name as Respondent his
3  immediate custodian. Ortiz-Sandoval, 81 F.3d at 895; see also Brittingham v. United States, 982
4  F.2d 378, 379 (9th Cir. 1992). None of the persons or entities named as respondents by
5  Petitioner are Petitioner's immediate custodian. Federal courts lack personal jurisdiction when
6  a habeas petition fails to name a proper respondent. See Ortiz-Sandoval, 81 F.3d at 894.

7  Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a
8  habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that
9  the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254.
10 Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas
11 relief because he has failed to name a proper respondent.

12 Furthermore, it is unclear from the face of the Petition whether Petitioner intended to
13 proceed in this action with a habeas petition or seeks to bring a civil rights action pursuant to 42
14 U.S.C. § 1983, or both. In order to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 2254,
15 Petitioner must allege both that he is in custody pursuant to a "judgment of a State court," and
16 that he is in custody in "violation of the Constitution or laws or treaties of the United States."
17 See 28 U.S.C. § 2254(a). However, if Petitioner seeks to present claims challenging the
18 conditions of his confinement but is not seeking to be released from custody, a habeas petition
19 is not the proper vehicle for such claims. Challenges to the fact or duration of confinement are
20 properly brought by petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 for state
21 prisoners; challenges to conditions of confinement which will not result in immediate or speedier
22 release from custody are properly brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983.
23 See Preiser v. Rodriguez, 411 U.S. 475, 488-500 (1973). When a state prisoner is challenging
24 the very fact or duration of his physical imprisonment, and the relief he seeks is a determination
25 that he is entitled to immediate release or a speedier release from that imprisonment, his sole
26 federal remedy is a writ of habeas corpus. Id. at 500. On the other hand, a section 1983 action
27 is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions
28 of his prison life, but not to the fact or length of his custody. Id. at 499; McIntosh v. United

1  States Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997).

2  Although claims one through three in the Petition present claims regarding the validity of Petitioner's guilty plea in the San Diego County Superior Court, South Bay Division, claim four in the Petition, and the allegations in the supplemental documents filed by Petitioner in this action, relate to Petitioner's conditions of confinement. If Petitioner wishes to invoke this Court's jurisdiction under 28 U.S.C. § 2254, he must allege that he is in custody pursuant to a state court judgment, indicate that he intends to challenge the constitutional validity or duration of present confinement, and name a proper respondent. See 28 U.S.C. 2254(a); Preiser, 411 U.S. at 500. However, if Petitioner is presenting a challenge to the conditions of his confinement and is not seeking immediate or speedier release, he must file a separate civil rights complaint pursuant to 42 U.S.C. § 1983 which will be given a separate civil case number.

## CONCLUSION AND ORDER

Based on the forgoing, the Court **GRANTS** Petitioner's Motion to proceed in forma pauperis, **DISMISSES** this action without prejudice for failure to name a proper respondent, and **DENIES** without prejudice Petitioner's Motion for relief [Doc. No. 10] as moot. Petitioner is granted leave to file a First Amended Petition on or before **September 17, 2007**, presenting claims challenging his state court criminal conviction in which he names a proper respondent. Petitioner may also file a separate civil rights complaint, which will be given a separate civil case number, in which he presents claims relating to the conditions of his confinement, if he wishes. The Clerk of Court shall send Petitioner a blank Southern District of California amended petition form and a blank Southern District of California civil rights complaint form along with a copy of this Order.

**IT IS SO ORDERED.**

**DATED: August 3, 2007**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**